Dear Mr. Nicotera:
Pursuant to your inquiry submitted to this office, at issue is whether those vehicles owned by the Board of Commissioners of the Housing Authority of New Orleans (HANO) must be marked with decals identifying same as housing authority vehicles. The statute which is applicable to this issue is R.S. 49:121 which defines those public vehicles which are required to be marked and provides, in pertinent part:
 § 121. Name of board, department or subdivisions; marking on boat or vehicle; Louisiana public license plates; exemptions
 A. (1) Every boat, water craft, aircraft, automobile, truck, or other vehicle belonging to the state or to any of its political subdivisions, or to any department, board commission, or agency of any of its political subdivisions shall, if required by law to bear a Louisiana license plate, pear a public license plate, and each such vehicle also shall have inscribed, painted, decaled, or stenciled conspicuously thereon, either with letters not less than two inches in height and not less than one-quarter inch in width or with an insignia containing not less than one hundred forty-four square inches, or if circular, not less than eight inches in diameter, the name of the board, commission, department, agency, or subdivision of the state to which the boat, water craft, aircraft, automobile, truck, or other vehicle belongs, such as "Louisiana Department of Highways", or "Louisiana Conservation Commission", or "School Board— East Baton Rouge", or "Sheriff — East Baton Rouge", or "City of Baton Rouge"; however, recognized and approved abbreviations such as "La.", "Dept.", "Com.", "Bd.", and the like may be used.
 * * * * *
 B. The name of the board, commission, department, agency or political subdivision, in accordance with the provisions of Subsection A of this Section, shall be placed on the outside of the door on each side of every automobile, truck or other vehicle. If the vehicle is equipped with more than one door on each side, the name shall be placed on the outside of the doors nearest the front of the vehicle. In the case of boats and water craft, the name shall be placed on each side of the bow and, if there is sufficient room, on the stern.
 * * * * *
 E. Those vehicles used in crime prevention and detection and similar investigative work, which if identified as required by this Section could not be used effectively for such purposes, are exempt from the provisions of this Part, and, in addition, the vehicles used by the governor, lieutenant governor, statewide elected officials, state schools for the deaf, blind, spastic, and cerebral palsied, Special School District Number One, and any community and group homes and residential facilities administered by the Department of Social Services or the Department of Health and Hospitals are exempt from the provisions of this Part.
 F. No officer or employee of the state or any of its political subdivisions shall drive or operate any publicly owned land vehicle, air craft or water craft not marked in accordance with the provisions of this Section, and no public officer or employee shall request, direct or permit any other public official or employee or any other person to drive or operate any such vehicle.
 G. The head of any department or board of the state or any of its subdivisions who operates or who orders, requests or permits any employee under his control or supervision or any other person to operate any publicly owned land vehicle, water craft or air craft not marked in accordance with the provisions of this Section shall be guilty of a violation thereof. Each day upon which such a violation is committed shall be considered a separate offense.
 H. The Attorney General or any district attorney shall institute such action as is necessary to enforce or insure the enforcement of and compliance with the provisions of this Section, and any interested citizen may initiate any civil action permitted by law to force compliance or to prevent operation or use of a vehicle not marked as required by R.S. 49:121.
Paragraph (E) of R.S. 49:121, quoted above, exempts from the general requirement of marking "those automobiles used in crime prevention and detection and similar investigative work which, if identified as required by this section, could not be used effectively for such purposes . . ."
Interpreting this exemption, this office stated in Opinion 80-1232 that "[t]he exemption provided at Section 121E does not require that an automobile of an agency be used exclusively for the purposes of crime prevention and detection, and similar investigative work in order that the agency might avail itself of the provision. It is our opinion that so long as the automobile is used a portion of the time for purposes of crime prevention and detection, and similar investigative work, the exemption found at R.S. 42:121E is applicable."
It is our opinion that those housing authority vehicles which are used by HANO employees to investigate criminal activity related to those matters within the jurisdiction of the housing authority do not have to be marked as such a conspicuous marking might jeopardize the goals of the investigation. Our conclusion herein is in accord with our previous opinions, as this office has recognized that the exemption is applicable to public agencies who are not engaged in traditional law enforcement activities. See Attorney General Opinions 95-475 (exempting assessors' vehicles); Opinion 94-423 (exempting legislative auditor's vehicles); and Opinion 89-346 (exempting office of financial institutions' vehicles).
We conclude that a housing authority vehicle which is utilized in part for the purpose of crime prevention and detection need not be marked as required by R.S. 49:121. We find, however, no authority on the part of HANO to unilaterally create any other exemption to the general rule as mandated by state law.
We enclose for your further review Opinions 80-1232, 84-124 and 85-262 which may prove of interest to you.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: March 5, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL